IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA<br>A Municipal Corporation<br>One Judiciary Square<br>Washington, D.C. 20001<br><br>    Plaintiff,<br><br>v.<br><br>LARRY ABRAMSON and<br>CAROLINE NEWMAN<br>6419 Barnaby Street, N.W.<br>Washington, D.C. 20015,<br><br>    Parents and next friend of S.A.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

(For declaratory and injunctive relief)

### INTRODUCTION

1. This action is brought under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 *et seq.* ("IDEIA"), seeking relief from an Administrative Hearing Officer's Determination ("HOD") dated September 14, 2006.

### JURISDICTION

2. This court has jurisdiction over this matter pursuant to the IDEIA, 20 U.S.C. §1400 *et seq.*, 28 U.S.C. §1331. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. Plaintiff has exhausted its administrative remedies.

### PARTIES

3. The District of Columbia is a municipal corporation.

4. Larry Abramson and Caroline Newman are the parents of the student. They are residents if the District of Columbia.

5. S.A., born January 16, 1991, is the student. He is a resident of the District of Columbia.

## FACTUAL ALLEGATIONS

6. S.A. attended Janney Elementary School in the District of Columbia from kindergarten through second grade.

7. S.A. was unilaterally placed by his parents at The Lowell School, a private, non-special education school from third through sixth grades.

8. S.A. began attending Georgetown Day School in seventh grade, where he was again unilaterally placed by his parents, and continued there until February, 2006, when he was in ninth grade.

9. S.A. did not receive special education services at Georgetown Day School, The Lowell School or Janney Elementary School.

10. S.A. is now a fifteen-year-old high school student, who is extremely bright, with many cognitive scores in the 99th percentile. Up until the 2005-2006 school year, S.A. had always been a good student.

11. Prior to the 2005-2006 school year, S.A.'s parents had never contacted the District of Columbia Public Schools ("DCPS") to request special education services.

12. On January 4, 2006, S.A.'s mother visited the C.A.R.E. Center at Shaw Junior High School. The C.A.R.E. Center is DCPS' designated center for identifying children with disabilities who do not currently attend a DCPS school. Such children typically attend a private school.

13. On January 4, 2006, S.A.'s mother informed the C.A.R.E. Center that S.A.'s school performance had dropped off sharply, and that he had begun exhibiting organizational, attentional and behavioral problems at home and at school. His grades had dropped from A's and B's to C's and D's. S.A.'s mother requested that he be evaluated for special education services.

14. On January 18, 2006, the C.A.R.E. Center staff convened a Multidisciplinary Team ("MDT") meeting to discuss S.A.'s eligibility for special education services. No decision was reached at that time. The C.A.R.E. Center requested additional information from S.A.'s parents.

15. In furtherance of the special education evaluation process, the C.A.R.E. Center contacted Georgetown Day School in February, 2006, to schedule a classroom observation for S.A. However, Georgetown Day informed the C.A.R.E. Center that S.A. had withdrawn from school, effective February 27, 2006.

16. In a letter dated March 13, 2006, counsel for Defendants, Michael Eig, informed the C.A.R.E. Center that S.A. had been removed from Georgetown Day School, and would be attending The Grove School ("Grove") in Madison, Connecticut—a therapeutic residential placement.

17. In a follow-up letter dated April 17, 2006, Mr. Eig informed the C.A.R.E. Center that S.A. began attending Grove on April 4, 2006.

18. In letters dated May 4, 2006 and May 23, 2006, The C.A.R.E. Center informed Mr. Eig that, pursuant to IDEIA, since S.A. was currently attending school in Connecticut, DCPS was no longer obligated to complete the evaluation process. The

C.A.R.E. Center provided Mr. Eig with contact information for special education services for the Madison School District in Connecticut.

19. On May 23, 2006, Defendants filed a request for an administrative due process hearing, alleging that DCPS violated its obligations under IDEIA by referring Defendants to the Madison, Connecticut School District.

20. A resolution session was held on June 6, 2006, but the parties were unable to resolve the issues.

21. In June, 2006 Grove evaluated S.A. and developed a Comprehensive Service Plan ("CSP") for him. A CSP is similar to an Individualized Educational Program ("IEP").

22. After several continuance requests by Defendants, the due process hearing was held on August 21, 2006. The Hearing Officer's Determination ("HOD") issued on September 14, 2006.

23. The hearing officer concluded that DCPS was obligated to determine S.A.'s eligibility within 120 days following the parents' request for evaluation, despite the fact that S.A. had been placed at a private school in Connecticut.

24. The hearing officer concluded that DCPS' failure to complete the eligibility process within 120 days resulted in a denial of a free appropriate public education ("FAPE").

25. However, the hearing officer specifically declined to find that S.A. is a child with a disability.

26. The hearing officer ordered DCPS to convene a student evaluation plan ("SEP") meeting, conduct evaluations, convene an MDT meting, and determine if S.A. is eligible for special education services.

27. The hearing officer ordered DCPS to develop an IEP if DCPS found S.A. eligible for special education services.

28. The hearing officer ordered—in the event that S.A. is determined eligible for special education services—DCPS to reimburse Defendants for S.A.'s tuition at Grove from the date that an eligibility determination should have been made by DCPS, until such time as the student was provided an appropriate placement.

29. 20 U.S.C. §1412(a)(10)(A) provides that each Local Education Agency ("LEA") must conduct child find and provide equitable services to parentally-placed private school children who attend private school *located in the LEA*, regardless of where the child resides.

30. As of April 4, 2006, the date S.A. began attending Grove, the LEA in Madison, Connecticut became responsible for conducting child find and providing equitable services to S.A.

## COUNT I

31. Plaintiff herein incorporates by reference the allegations in the above paragraphs 1 through 30.

32. The Hearing Officer erred and abused his discretion when he concluded that Defendants' unilateral placement of S.A. at Grove did not relieve DCPS of the obligation to complete the evaluation process.

## COUNT II

33. Plaintiff herein incorporates by reference the allegations in the above paragraphs 1 through 30.

34. The Hearing Officer erred and abused his discretion when he concluded that DCPS's failure to complete the eligibility process within 120 days resulted in a denial of FAPE.

## COUNT III

35. Plaintiff herein incorporates by reference the allegations in the above paragraphs 1 through 30.

36. The Hearing Officer erred and abused his discretion when he ordered DCPS to convene a SEP meeting, conduct evaluations, convene an MDT meeting, determine if S.A. is eligible for special education services, and develop an IEP if S.A. is found eligible.

## COUNT IV

37. Plaintiff herein incorporates by reference the allegations in the above paragraphs 1 through 30.

38. The Hearing Officer erred and abused his discretion when he ordered DCPS to reimburse Defendants for S.A.'s tuition at Grove from the date of a finding of eligibility, until such time as the student is provided an appropriate placement.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue judgment for Plaintiff and against Defendants.

2. Issue an order reversing the September 14, 2006 Hearing Officer's Determination.

3. Award Plaintiff reasonable costs and expenses, including attorneys' fees.

4. Award any other relief that this Court deems just.

        Respectfully submitted,

        EUGENE A. ADAMS
        Interim Attorney General for the
          District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        EDWARD P. TAPTICH (012914)
        Section Chief
        Equity Section Two

        */s/ Veronica A. Porter*
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        Civil Litigation Division
        Equity Section Two
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651 (phone)
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**December 12, 2006**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** The District of Columbia

**DEFENDANTS** Larry Abramson and Caroline Newman

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Washington, DC
(IN U.S. PLAINTIFF CASES ONLY) 11001

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Veronica A. Porter, Office of The Attorney General, 441 4th Street, NW Washington, DC 20001, 202-724-6651

CASE NUMBER   1:06CV02105

JUDGE: James Robertson

DECK TYPE: Administrative Agency Rev

DATE STAMP: 12/12/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☒ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

|  |  |  |  |
|---|---|---|---|
| ☐ **G. Habeas Corpus/ 2255**<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H. Employment Discrimination**<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I. FOIA/PRIVACY ACT**<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **J. Student Loan**<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ **K. Labor/ERISA (non-employment)**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L. Other Civil Rights (non-employment)**<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M. Contract**<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N. Three-Judge Court**<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ Multi district Litigation
☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. §1400 et seq. This is an appeal of a Hearing Officer's Determination

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND: ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 12/12/06   SIGNATURE OF ATTORNEY OF RECORD _Vernica A. Porter_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.