IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY ABRAMSOM and<br>CAROLINE NEWMAN<br>parents and next friend of S.A.,<br><br>    Defendants. | Civil Action No. 06-CV-2105 (JR) |

**ANSWER**

The defendants, S.A. and his parents, Larry Abramson and Caroline Newman, through their counsel, answer the complaint as follows:

1. Defendants admit the averments contained in paragraph 1 of the complaint.

2. Defendants admit the averments contained in paragraph 2 of the complaint.

3. Defendants admit the averments contained in paragraph 3 of the complaint.

4. Defendants admit the averments contained in paragraph 4 of the complaint.

5. Defendants admit the averments contained in paragraph 5 of the complaint and note that the Student continues to maintain residency status in the District of Columbia while he is attending a residential school.

6. Defendants admit the averments contained in paragraph 6 of the complaint.

7. With respect to the averments contained in paragraph 7 of the complaint, defendants state that they did place their son at The Lowell School during the cited school years, but that it is not properly classified as a "non-special education school," but rather an environment in which S.A. was able to receive individualized support designed to meet his

particular needs, in a structured and supportive environment with a lower than typical student:teacher ratio and class size.

9. With respect to the averments contained in paragraph 9 of the complaint, defendants state that during the time period cited, while S.A. did not receive formal special education services under the Individuals With Disabilities Education Act while he attended Lowell School and Georgetown Day School, he did receive individualized support designed to meet his particular needs, in a structured and supportive environment with a lower than typical student:teacher ratio and class size.

10. Defendants admit the averments contained in paragraph 10 of the complaint, but note that in the several years leading up to the 2005-06 school year, S.A. exhibited increasing signs of inattention, anxiety and depression, that rose to the forefront during the 2005-06 school year, and only then caused his educational performance to decline precipitously over the course of a few months.

11. Defendants admit the averments contained in paragraph 11 of the complaint.

12. With respect to the averments contained in paragraph 12 of the complaint, defendants admit that Ms. Newman visited the C.A.R.E. Center on January 4, 2006 to register S.A. and submitted paperwork including the Private/Religious School Student Referral Form. Defendants also note that the parents changed the date on this form to January 18, 2006, at the direction of the C.A.R.E. Center staff at the Multi-Disciplinary Team ("MDT") meeting held on January 18, 2006. With respect to the remaining averments contained in paragraph 12 of the complaint that describe the purpose of the C.A.R.E. Center and the typical placements of

students identified through the C.A.R.E. Center, defendants lack the information to admit or deny these averments, and demand strict proof thereof.

13. Defendants admit the averments contained in paragraph 13 of the complaint with respect to the information that Ms. Newman shared with the C.A.R.E. Center and her request for evaluation, but again note that the parents changed the date on the Private/Religious School Student Referral Form to January 18, 2006, at the direction of the C.A.R.E. Center staff at the Multi-Disciplinary Team ("MDT") meeting held on January 18, 2006.

14. Defendants admit the averments contained in paragraph 14 of the complaint, but state that at this Multi-Disciplinary Team ("MDT") meeting, staff at the C.A.R.E. Center directed the parents to change the date on the Private/Religious School Student Referral Form from January 3, 2006 to January 18, 2006.

15. Defendants lack sufficient information to admit or deny the averments contained in paragraph 15 of the complaint with respect to actions undertaken by the C.A.R.E. Center, and communications between Georgetown Day School and the C.A.R.E. Center, but state that S.A. withdrew from Georgetown Day School in late February 2006.

16. Defendants admit the averments contained in paragraph 16 of the complaint.

17. Defendants admit the averments contained in paragraph 17 of the complaint.

18. With respect to the averments contained in paragraph 18 of the complaint, defendants admit that plaintiffs have accurately represented the information expressed in these letters, but further state that plaintiffs did not and do not agree with plaintiffs' position expressed therein.

19. Defendants admit the averments contained in paragraph 19 of the complaint.

20. Defendants admit the averments contained in paragraph 20 of the complaint.

21. Defendants admit the averments contained in paragraph 21 of the complaint.

22. Defendants admit the averments contained in paragraph 22 of the complaint, and further state that the requests for continuance were made due to the unavailability of the defendants and their witnesses.

23. With respect to the averments contained in paragraph 23 of the complaint, defendants state that the Hearing Officer's Decision speaks for itself.

24. With respect to the averments contained in paragraph 24 of the complaint, defendants state that the Hearing Officer's Decision speaks for itself.

25. With respect to the averments contained in paragraph 25 of the complaint, defendants state that the Hearing Officer's Decision speaks for itself.

26. With respect to the averments contained in paragraph 26 of the complaint, defendants state that the Hearing Officer's Decision speaks for itself.

27. With respect to the averments contained in paragraph 27 of the complaint, defendants state that the Hearing Officer's Decision speaks for itself.

28. With respect to the averments contained in paragraph 28 of the complaint, defendants state that the Hearing Officer's Decision speaks for itself.

29. With respect to the averments contained in paragraph 29 of the complaint, defendants state that the statute speaks for itself, but further state that plaintiffs have mischaracterized the statute.

30. Defendants deny the averments contained in paragraph 30 of the complaint.

31. Defendants incorporate herein and by reference their answers to paragraphs 1 through 30 of the complaint.

32. Defendants deny the averments contained in paragraph 32 of the complaint.

33. Defendants incorporate herein and by reference their answers to paragraphs 1 through 30 of the complaint.

34. Defendants deny the averments contained in paragraph 34 of the complaint.

35. Defendants incorporate herein and by reference their answers to paragraphs 1 through 30 of the complaint.

36. Defendants deny the averments contained in paragraph 36 of the complaint.æ

37. Defendants incorporate herein and by reference their answers to paragraphs 1 through 30 of the complaint.

38. Defendants deny the averments contained in paragraph 38 of the complaint.

### FIRST DEFENSE

The complaint fails to state a claim against defendants upon which relief can be granted.

### SECOND DEFENSE

The complaint is barred by estoppel.

### THIRD DEFENSE

The complaint is barred by waiver.

WHEREFORE, having fully answered the Plaintiffs' Complaint, the Defendants respectfully request:

a) That the Plaintiffs' Complaint be dismissed;

b) That the decision of the Impartial Hearing Officer be affirmed; and

c) That Plaintiffs be ordered to comply fully with the decision of the Hearing Officer and with their responsibilities under the IDEA; and

d) That the Plaintiffs be ordered to reimburse the reasonable attorneys' fees and costs of the administrative action below; and

e) That the Plaintiffs be ordered to reimburse the reasonable attorneys' fees and costs of this action; and

f) For other such relief as is proper.

Respectfully submitted,

   /s/ (filed electronically)
Michael J. Eig    #912733

   /s/ (filed electronically)
Haylie M. Iseman    #471891

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue
Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Answer was filed electronically, and thereby served on Veronica A. Porter, Esq., counsel for plaintiffs, on December 29, 2006.

   /s/  (filed electronically)
Haylie M. Iseman