IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 06-2105 (PLF) |
| **LARRY ABRAMSON and** : | |
| **CAROLINE NEWMAN** : | |
| Parents and next friend of S.A., : | |
| Defendants. : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SHOW CAUSE[1]

In response to the Court's April 12, 2007, directive that it do so, the Plaintiff District of Columbia, by counsel, hereby opposes the Defendants' "Motion to Show Cause," filed herein April 9, 2007.

### PRELIMINARY STATEMENT

This case is an appeal by the District of an administrative decision under the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 *et seq.* ("IDEIA"). At issue, among other things, is the legal propriety of an administrative Hearing Officer's determination that the District of Columbia Public Schools ("DCPS") may be required to pay more than $80,000 for Connecticut private school tuition and expenses, for a student who had never been determined to be eligible for special

---

[1] The District notes that Defendants' counsel failed to seek consent from the District to the relief sought prior to filing the instant motion. While the District certainly would not have consented to the relief requested, the discussion contemplated under LCvR 7(m) might have disabused Defendants of their clearly erroneous legal position, and saved the parties and the Court the time of having to deal with this issue.

education services, who had earlier been attending a local private school, and who was moved by his parents to the Connecticut school before the time allowed for his requested evaluation by DCPS to determine IDEIA eligibility.

A briefing schedule was agreed on and ordered by the Court, cross-motions for summary judgment were filed March 30, 2007, and oppositions to those motions are being filed today.

In the midst of this briefing schedule, Defendants now file a motion to "show cause why [the District is] not in contempt of Court." Def. Mem. p. 4. In a brief memorandum devoid of any precedent concerning the requirements for establishing contempt, Defendants do not even *suggest* that Plaintiff has violated any Court order. Rather, Defendants assert a contempt finding is warranted *because DCPS requested the Hearing Officer to stay the effectiveness of his decision pending the outcome of this appeal* – a motion Defendants have opposed, and which is currently pending before the Hearing Officer. In Defendants' view, DCPS "is violating federal law" in challenging the requirement to fund Defendants' unilateral placement, and DCPS' effort to stay that requirement pending this Court's decision on the merits is "unconscionable" and "contumacious," and "speaks to either an unaccountable ignorance of the law, or a disregard for it." Def. Mem. pp. 3, 2, 4. Capping off their unrestrained vitriol, Defendants submit that DCPS "even suggesting that this Court action should stay [DCPS'] obligation" to pay the Connecticut school expense "is either confused and pointless double talk, or pure and simple contempt of the law." Def. Mem. p. 4.

As set forth below, Defendants' suggestion of contempt is not well founded in either law or fact. Indeed, any suggestion that a contempt of this Court can be established

2

by the facts asserted by Defendants in their motion is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," as required by Fed.R.Civ.P. 11(b)(2).

## ARGUMENT

Civil contempt is "a remedial sanction used to obtain compliance with a *court order* or to compensate for damage sustained as a result of noncompliance." *Food Lion v. United Food Commercial Workers Int'l Union,* 103 F.3d 1007, 1016 (D.C. Cir. 1997) (quoting *NLRB v. Blevins Popcorn Co.,* 659 F.2d 1173, 1184 (D.C. Cir. 1981)). "[C]ivil contempt will lie only if the putative contemnor has violated *an order* that is clear and unambiguous,' and the violation must be proved by 'clear and convincing' evidence." *Armstrong v. Executive Office of the President, Office of Administration,* 12 F.3d 1274, 1289 (D.C. Cir. 1993) (citations omitted). Allegations of contempt must be directly tied to a clear and specific directive found within the four corners of *a court order*. See *U.S. v. Saccoccia,* 433 F.3d 19, 23 (1st Cir. 2005) (the test is "whether the putative contemnor is able to ascertain from the four corners *of the order* precisely what acts are forbidden" (citation omitted)). It is an order of the Court, and not some asserted statutory obligation, that can be punished by contempt. *In Re Sealed Case,* 776 F.2d 335, 338 (D.C. Cir. 1985)

Here, of course, Defendants do not argue that the District has violated a clear and unambiguous order of the Court. Indeed, Defendants acknowledge by their silence that the District has violated no order of this Court. Rather, Defendants make the bald statement that by filing a motion with a Hearing Officer that, in Defendants' opinion, has no merit, the District has violated federal law. Defendants then conclude, without any

3

analysis, that violating federal law constitutes contempt punishable by this Court. To support this position, Defendants cite to no case law, nor do they make any attempt to provide a logical underpinning for their position.[2]

*NLRB v. Express Publishing,* 312 U.S. 426 (1941), is instructive on several issues related to the instant show cause motion. First, the opinion in *Express Publishing* makes clear that the violation of an NLRB order can be punished as contempt only when judicially confirmed, i.e. converted to a court order. *Id.* at 434. Second, the Court recognized that a violation of a statute is only punishable by contempt if the party against whom the finding of contempt is sought has been enjoined by the Court not to violate the statute. And the Court specifically held that "the mere fact that a court has found that a defendant has committed an act in violation of statute does not does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings…" Id. at 435-436. Here, of course, no DCPS violation of any provisions of IDEIA have been concluded and, in some respects, such issues are the subject matter of this action.

By their motion, Defendants seek to have this Court order the District to show cause why it should not be held in contempt where no violation of an order of this Court is even alleged. Defendants ask this Court to find that there is a standing injunction, unwritten but presumed, that enjoins the District from violating any and all statutes as interpreted by Defendants.  It is difficult to imagine a motion with less merit than the

---

[2] Instead, Defendants argue why the Hearing Officer should deny DCPS' motion. While the District believes that Defendants' position on "stay put" – summarily volunteered in their motion – is wrong as a matter of law, the District does not argue this issue here as it is not properly before the Court. If Defendants wish to litigate this issue in this forum, they can do so by filing a motion asking the Court to invoke stay-put.

4

one Defendants have brought.  Defendants' suggestion of contempt is utterly without merit.

## CONCLUSION

For all the reasons above, Defendants' motion for an order for the District to show cause why it should not be held in contempt should be denied.  Plaintiff requests oral argument on this motion.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the
>  District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>/s/ *Robert C. Utiger*
>ROBERT C. UTIGER (437130)
>Senior Counsel to the Deputy
>For Civil Litigation
>
>/s/ *Edward P. Taptich*
>EDWARD P. TAPTICH (012914)
>Section Chief
>Equity Section Two
>
>/s/ *Veronica A. Porter*
>VERONICA A. PORTER (412273)
>Assistant Attorney General
>Civil Litigation Division
>Equity Section Two
>441 Fourth Street, N.W., Sixth Floor South
>Washington, D.C.  20001
>(202) 724-6651 (phone)
>(202) 727-3625 (facsimile)
>veronica2.porter@dc.gov

**April 20, 2007**

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA**   :  :  Plaintiff,                                   :  :  v.                                              :  **LARRY ABRAMSON and**               :  **CAROLINE NEWMAN**                 :  :  Parents and next friend of S.A.,   :  :  Defendants.                               :  _____   :  | Civil Action No. 06-2105 (PLF) |

## **ORDER**

Upon consideration of Defendants' Motion to Show Cause, and Plaintiff's Opposition thereto, it is this _____ day of _____, 2007

**ORDERED** that Defendants' Motion to Show Cause is **DENIED.**

_____

UNITED STATES DISTRICT JUDGE