IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY ABRAMSON and<br>CAROLINE NEWMAN<br>parents and next friend of S.A.,<br><br>    Defendants. | Civil Action No. 06-CV-2105 (PLF) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO PLAINTIFFS' MOTION TO SHOW CAUSE**

In their opposition to our motion to show cause, plaintiffs make no argument against the application of the IDEA's "stay put provision," 20 U.S.C. §1415(j), nor do they dispute that they have failed to pay for S.A.'s placement at The Grove School since the date of the Due Process Hearing decision, as the "stay put provision" requires. 34 C.F.R. §300.518(d). Rather, plaintiffs only argue that the manner in which defendants have sought to enforce their "stay put" rights, a motion to show cause, is wrong because this Court has not issued an order for the school system

to obey the "stay put" mandate and that, therefore, there is nothing for plaintiffs to be held in contempt of. Plaintiffs are wrong, both legally and factually.[1]

It is just incorrect to state that a Court cannot hold a party in contempt for failing to comply with a statutory injunction, which is what 20 U.S.C. §1415(j) is. As was observed by the Seventh Circuit in *Bd. of Educ. of Oak Park & River Forest High School Dist. 200 v. Ill. State Bd. of Educ.*, 79 F.3d 654, 657 (7th Cir. 1996), "There are such animals as statutory injunctions. The automatic stay in bankruptcy is the best known. 11 U.S.C. §362. Another is the permanent statutory injunction against collecting from a debtor a debt that has been discharged in bankruptcy." The Court then observed that violations of such statutory injunctions, created by Congress, could be punishable in court by contempt, citing *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990).

Even more precisely stated, in *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1546 (11th Cir. 1996), the Court held, "We have characterized the automatic stay of 11 U.S.C. §362(a) as 'essentially a court-ordered injunction, [and] any person or entity who violates the stay may be found in contempt of court.' *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir.), *cert denied*, 506 U.S. 986 (1992)." (parallel cites omitted).

---

[1] Plaintiffs are factually wrong in footnote one of their opposition, when they state that we have violated Local Rule LCvR(m). At footnote two of our motion, we advised the Court that we had placed calls to three different attorneys for plaintiffs in an effort to avoid the necessity of filing the show cause motion. Two of those attorneys, Veronica A. Porter and Edward A. Taptich, engaged in substantive discussions with the undersigned, and flatly refused to honor the "stay put" provisions unless defendants would agree to reimburse the District of Columbia for any monies expended, should plaintiffs prevail in this action. In other words, these counsel offered to contingently loan defendants the tuition owed under "stay put." That "loan" clearly is not what the IDEA's statutory injunction states. It is very troubling to us that plaintiffs should so misrepresent our actions before this Court, especially when we advised the Court of our real actions in the footnote above.

Returning to *Oak Park and River Forest*, the Seventh Circuit panel did not need to reach the statutory injunction implications of "stay put" in that case since the district court had entered an order requiring the school boards to obey "stay put," and the order was before the Court of Appeals. In footnote two to their opposition, plaintiffs argue that we should first be required to seek such an order from the Court before complaining of the school system's overt non-compliance. Actually, the Supreme Court instructs to the contrary. In *Honig v. Doe*, 484 U.S. 305, 328 (1988), Justice Brennan spoke for the majority and instructed that, "school officials are entitled to seek relief under [1415(j)] in appropriate cases. In any such action, [1415(j)] effectively creates a presumption in favor of the child's current educational placement which school officials can overcome only by showing that by maintaining the child in his or her current placement is substantially likely to result in injury either to himself or herself, or to others."[2] Obviously, there are no facts here to support such an extraordinary action. And, in all other cases, the Supreme Court plainly states, "The language of [1415(j)] is unequivocal." 484 U.S. at 323.

Plaintiffs have no excuse for their actions and have presented none in response to the Court's order that they show cause. Moreover, plaintiffs are well aware that, under *Honig*, it is their responsibility to seek any change in S.A.'s "stay put" placement, which they have not attempted to do, even when faced with possible contempt. Because plaintiffs can be held in contempt for their violation of the "stay put" mandate of the IDEA, and because they so clearly are in contempt, we respectfully request that the Court so find.

---

[2] The *Honig* Court was actually addressing §1415(e); in the most recent revision of the IDEA in 2004, the same language in that subsection now appears in §1415(j).

Respectfully submitted,


_/s/ (filed electronically)_
Michael J. Eig        #912733
Haylie M. Iseman      #471891
Matthew B. Bogin      #911552
Paula A. Rosenstock   #494580

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Defendants