IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LARRY ABRAMSON and<br>CAROLINE NEWMAN<br>parents and next friend of S.A.,<br><br>　　Defendants. | Civil Action No. 06-CV-2105 (PLF) |

## PRAECIPE

We hereby direct the Court to the recent decisions in *Marple Newtown Sch. Dist. v. Rafael N.*, 2007 WL 781896 (E.D.Pa. 2007) and *District of Columbia v. Jeppsen*, 468 F.Supp. 2d 107 (D.D.C. 2006), copies of which are attached. Specifically, we direct the Court's attention to page 112 of the *Jeppson* decision in which this Court explains why parents are not responsible for reimbursing school systems for tuition paid under the "stay put provision" of the Individuals with Disabilities Education Act ("IDEA"). Similarly, in *Marple Newtown*, the Court looks to the U.S. Supreme Court in concluding that the placement identified in the administrative ruling below was the student's stay-put placement under the IDEA.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ (filed electronically)
　　　　　　　　　　　　　　　　　　Michael J. Eig　　　　　#912733
　　　　　　　　　　　　　　　　　　Haylie M. Iseman　　　　#471891
　　　　　　　　　　　　　　　　　　Matthew B. Bogin　　　　#911552
　　　　　　　　　　　　　　　　　　Paula A. Rosenstock　　　#494580

　　　　　　　　　　　　　　　　　　MICHAEL J. EIG AND ASSOCIATES, P.C.
　　　　　　　　　　　　　　　　　　5454 Wisconsin Avenue, Suite 760
　　　　　　　　　　　　　　　　　　Chevy Chase, Maryland 20815

(301) 657-1740

Counsel for Defendants

Case 1:06-cv-02105-PLF   Document 18   Filed 04/26/2007   Page 2 of 2

Slip Copy                                                                                                                                 Page 1
Slip Copy, 2007 WL 781896 (E.D.Pa.)
**(Cite as: Slip Copy)**

Marple Newtown School Dist. v. Rafael N.
E.D.Pa.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
MARPLE NEWTOWN SCHOOL DISTRICT, Plaintiff,
v.
RAFAEL N., Parent and Natural Guardian of R.N., Defendant.
**Civil Action No. 07-0558.**

March 8, 2007.

Ellis H. Katz, Gina K. Depietro, Jennifer Nicole Donaldson, Sweet Stevens Tucker & Katz LLP, New Britain, PA, for Plaintiff.
Erica Cline Blackledge, Maria Gonzalez Calvet, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, for Defendant.

*MEMORANDUM*

STENGEL, J.
\*1 Defendant Rafael N., the parent and natural guardian of R.N., a disabled student, filed this motion for a preliminary injunction to compel plaintiff Marple Newtown School District to implement a December 20, 2006 Opinion and Order of the Special Education Appeals Panel FN1 ("Opinion and Order"). For the reasons stated below, I will grant the preliminary injunction.

> FN1. The Individuals with Disabilities Education Act ("IDEA") ensures that children with disabilities have access to a free appropriate public education. 20 U.S.C. § 1400(c)(3). If parents disagree with the school district's evaluation, placement, or provision of a free and appropriate education to their child, they may request a due process hearing conducted by a hearing officer. 22 Pa.Code § 14.162(b). The parent or the school district can then appeal the hearing officer's decision to the Special Education Appeals Panel. Id. at § 14.162(o). After the Appeals Panel renders a final administrative decision, either party has the right to bring a civil action in federal or state court. 20 U.S.C. § 1415(i)(2). This court therefore has jurisdiction to review the decision of the Appeals Panel.

**I. BACKGROUND**

R.N. is a Spanish speaking seventeen-year old boy with mild to moderate mental retardation and intractable epilepsy. R.N. became a resident of Marple Newtown School District (the "District") in November 2001 when he was placed at a residential facility, the Don Guanella School, within the district. Initially, R.N. attended the Francis Harvey Green School where he received life skills instruction and two hours of ESL FN2 per week. In 2002, the District transferred R.N. to the Delaware County Intermediate Unit, which is on the same premises as his residence, and all ESL services ceased. This placement was not meeting R.N's needs because he received no ESL services; his epileptic condition was not accommodated; and there was no transition planning to prepare R.N. for adulthood.

> FN2. English as a Second Language.

On June 27, 2006, Rafael N. filed a due process complaint with the Office of Dispute Resolution challenging the educational program. The Hearing Officer held a due process hearing and incorrectly concluded that the District had not denied R.N. a free and appropriate education. On December 20, 2006, an Appeals Panel of the Office of Dispute Resolution partially affirmed and reversed the decision of the Hearing Officer and found that the District had denied R.N. a free and appropriate education. The Appeals Panel ordered the District to create and implement an appropriate Individualized Educational Plan ("IEP") for R.N.

The District exercised its right to judicial review of the final administrative decision by filing a civil action in the Commonwealth Court of Pennsylvania on January 23, 2007.FN3 On January 26, 2007, the District filed an Application for Stay with the state court. On February 9, 2007, Rafael N. filed a Notice of Removal and on

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 781896 (E.D.Pa.)
**(Cite as: Slip Copy)**

Page 2

March 5, 2007, he moved this court to deny the District's application for a stay and moved for a preliminary injunction to compel the implementation of the Appeals Court's order.

> FN3. See nt. 1 *supra.*

## II. DISCUSSION

Rafael N. bases his request for a preliminary injunction on the "stay put" provision of IDEA. This provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed." 20 U.S.C. § 1415(j).

It is well established that the IDEA's "stay put" provision, if it applies, may allow for a preliminary injunction requiring that the child remain in his then current educational placement until the dispute is resolved. *Drinker v. Colonial Sch. Dist.,* 78 F.3d 859, 864 (3d Cir.1996). "Stay put" requires that the status quo be maintained while the dispute regarding the child's placement is litigated. To apply the "stay put" provision, the court need not consider the typical preliminary injunction factors but instead must identify the child's "then current educational placement." *Id.* at 864-65; *see also Matthew K. v. Parkland Sch. Dist.,* No. 97-6636, 1999 U.S. Dist. LEXIS 2024, at *10 (E.D.Pa. Feb. 26, 1998) (noting that movants are not required to satisfy the ordinary prerequisites for injunctive relief under the IDEA"s "stay put" provision). This is determined by the child's IEP that is actually functioning when the "stay put" provision is invoked. *Id.* at 867.

*2 To determine his "current placement," Rafael N. invokes the breach of an agreement theory established by the Supreme Court in *School Comm. of the Town of Burlington v. Dept. of Educ.,* 471 U.S. 359, 371-72, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). This rule is used when a parent desires a change in placement. The rule is derived from the language of the "stay put" provision and provides that the child should remain in the then-current educational placement during the proceedings "unless the State or local educational agency and the parents otherwise agree." 20 U.S.C. § 1415(j). In *Burlington,* the Court held that a ruling by the education appeals panel in favor of the parents' position constitutes an agreement for purposes of the IDEA's "stay put" provision. *Id.* at 372. The Third Circuit has approved of the breach of the agreement theory, noting that this provision "was drafted to guard the interests of parents and their children." *Susquenita Sch. Dist. v. Raelee S.,* 96 F.3d 78, 84 (3d Cir.1996) ("We cannot agree that this same section should be used here as a weapon by [a school district] to force parents to maintain a child in a public school placement which the state appeals panel has held inappropriate.").

Precedent from the Supreme Court and the Third Circuit dictates that I find that the District's failure to comply with the Opinion and Order is a violation of R.N's right to a free and appropriate education under the IDEA. R.N. will continue to suffer irreparable harm until the District implements the Opinion and Order.

## III. CONCLUSION

Based on the analysis above, this Court will order the District to fully implement [FN4] the Appeals Panel's Opinion and Order while the District's Petition for Review is considered. An appropriate order follows.

> FN4. While the District has complied with some portions of the Opinion and Order, they must fully comply with all aspect of the Appeals Panel's order. *See* Def's Mot. Prelim. Inj. pp. 7-9.

## *ORDER*

**AND NOW,** this 8th day of March, 2007, upon consideration of Defendant's Motion for Preliminary Injunction and Opposition to Plaintiff's Application for Stay of the Order of the Appeals Panel Decision No.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 781896 (E.D.Pa.)
**(Cite as: Slip Copy)**

Page 3

1785 (Document No. 7) and after a telephone conference with Counsel, it is hereby **ORDERED** that the Motion for Preliminary Injunction is **GRANTED.**

It is **FURTHER ORDERED** that

(1) The Opinion and Order of the Special Education Appeals Panel dated December 20, 2006 ("Opinion and Order") is R.N.'s appropriate "current educational placement" that must be implemented during the pendency of any judicial or administrative proceedings between R.N. and the District;

(2) The District must immediately comply with and implement all provisions of the Opinion and Order and develop an individual education plan ("IEP") consistent with the findings of the Opinion and Order within fifteen days of the Court's Order; and

(3) A hearing on plaintiff's Petition for Review will be held on **Monday, May 21, 2007 at 2 p.m.** at the U.S. Courthouse, 601 Market Street, Philadelphia, Pa. in Courtroom 3B.

(4) Plaintiff is order to submit a brief in support of its Petition for Review by **April 30, 2007.** Defendant is ordered to file a responsive brief by **May 7, 2007.**

E.D.Pa.,2007.
Marple Newtown School Dist. v. Rafael N.
Slip Copy, 2007 WL 781896 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



468 F.Supp.2d 107 Page 1
468 F.Supp.2d 107, 216 Ed. Law Rep. 384
**(Cite as: 468 F.Supp.2d 107)**

District of Columbia v. Jeppsen ex rel. M.J.
D.D.C.,2006.

United States District Court, District of Columbia.
DISTRICT OF COLUMBIA, Plaintiff,
v.
Carolyn JEPPSEN, M.J. By her parent and next friend, Defendant.
**No. CIVA 05-1309 RJL.**

July 13, 2006.

**Background:** District of Columbia sought review under Individuals with Disabilities Education Act (IDEA) of administrative hearing officer's determination that District's proposed change of placement of student with profound hearing loss disability from general inclusion education setting in private school to special education setting in public school with program for hearing impaired was not appropriate. District moved for summary judgment and parent of student moved to dismiss and for attorney fees.

**Holdings:** The District Court, Leon, J., held that:

(1) district's action was rendered moot by settlement agreement with parent, and

(2) award of attorney fees was not warranted.

Ordered accordingly.
West Headnotes
[1] Federal Courts 170B €12.1

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk12 Case or Controversy Requirement
                170Bk12.1 k. In General. Most Cited Cases
If an event occurs that renders it impossible for the court to grant any effectual relief whatever to a prevailing party the case must be dismissed.

[2] Federal Courts 170B €34

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk29 Objections to Jurisdiction, Determination and Waiver
                170Bk34 k. Presumptions and Burden of Proof. Most Cited Cases
When considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept the non-moving party's allegations as true, construing them in the light most favorable to that party. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

[3] Federal Courts 170B €33

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk29 Objections to Jurisdiction, Determination and Waiver
                170Bk33 k. Affidavits and Evidence in General. Most Cited Cases
When considering a motion to dismiss for lack of subject matter jurisdiction, the court is not confined to the pleadings and may consider outside matters in considering the motion. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

[4] Schools 345 €155.5(2.1)

345 Schools
    345II Public Schools
        345II(L) Pupils
            345k155.5 Handicapped Children, Proceedings to Enforce Rights
                345k155.5(2) Judicial Review or Intervention
                    345k155.5(2.1) k. In General. Most

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

468 F.Supp.2d 107 Page 2
468 F.Supp.2d 107, 216 Ed. Law Rep. 384
**(Cite as: 468 F.Supp.2d 107)**

Cited Cases
Individuals with Disabilities Education Act (IDEA) does not create a private cause of action; instead IDEA relief depends on equitable considerations. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

**[5] Schools 345 ⇌155.5(2.1)**

345 Schools
    345II Public Schools
        345II(L) Pupils
            345k155.5 Handicapped Children, Proceedings to Enforce Rights
                345k155.5(2) Judicial Review or Intervention
                    345k155.5(2.1) k. In General. Most Cited Cases

Settlement between public school district and parent of student with profound hearing loss disability, under which district agreed to place student for the current school year in general inclusion education setting in private school, rather than in special education setting in public school with program for hearing impaired, rendered moot the district's action under the IDEA seeking reimbursement for having placed student in private school for the previous school year; student attended the private school throughout consistent with the stay-put provision of the IDEA, and district was obligated to and did fund her placement. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

**[6] Schools 345 ⇌155.5(2.1)**

345 Schools
    345II Public Schools
        345II(L) Pupils
            345k155.5 Handicapped Children, Proceedings to Enforce Rights
                345k155.5(2) Judicial Review or Intervention
                    345k155.5(2.1) k. In General. Most Cited Cases

Capable of repetition yet evading review exception to mootness did not apply to action brought by public school district under the IDEA challenging hearing officer's order directing the district to continue to place student with profound hearing loss disability in private school, rather in public school program desired by district, which action was rendered moot due to a settlement with student's parent voluntarily entered into by district; although would likely attempt to move student's placement in the future and that the change would likely be challenged by parent, it was not clear that the duration of the challenged action would be too short to be litigated. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

**[7] Federal Courts 170B ⇌12.1**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk12 Case or Controversy Requirement
                170Bk12.1 k. In General. Most Cited Cases

The capable of repetition yet evading review exception to mootness only applies in exceptional situations, where both (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

**[8] Schools 345 ⇌155.5(5)**

345 Schools
    345II Public Schools
        345II(L) Pupils
            345k155.5 Handicapped Children, Proceedings to Enforce Rights
                345k155.5(5) k. Judgment and Relief; Damages, Injunction, and Costs. Most Cited Cases

Court could not make determination as to whether parent of student with profound hearing loss disability was prevailing party, for purposes of award of attorney fees under IDEA, in action brought by public school district under the IDEA for reimbursement for having placed student in private school, since district's action was rendered moot by settlement agreement with parent. Individuals with Disabilities Education Act, § 615(i)(3)(B), 20 U.S.C.A. § 1415(i)(3)(B).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

468 F.Supp.2d 107
468 F.Supp.2d 107, 216 Ed. Law Rep. 384
**(Cite as: 468 F.Supp.2d 107)**

Page 3

Maria L. Merkowitz, Office of the Attorney General, Washington, DC, for Plaintiff.
*109 Ellen Douglass Dalton, Paul S. Dalton, Dalton, Dalton & Houston, P.C., Alexandria, VA, for Defendant.

### *MEMORANDUM OPINION*

LEON, District Judge.

Plaintiff, the District of Columbia, brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq (2000), seeking a reversal of an Administrative Hearing Officer's Determination. Currently before this Court are plaintiff's Motion for Summary Judgment and defendant's Motion to Dismiss. Upon consideration of the pleadings and the entire record herein, the Court GRANTS defendant's Motion to Dismiss and DENIES AS MOOT plaintiff's Motion for Summary Judgment.

### BACKGROUND

Defendant Carolyn Jeppsen's daughter, "M.J.", is a seven year old child with a profound hearing loss disability. (Compl.¶ 4.) Before M.J. received a cochlear implant in April 2001, she used hearing aids. (Pl.'s Opp'n to Def.'s Mot. Dismiss ("Pl.'s Opp'n") 1.) The cochlear implant allows her to hear a range of sounds but not to necessarily understand what is being said. (*Id.*) Because the District of Columbia Public Schools ("DCPS") did not have a program in place for the hearing impaired, M.J. has attended the private River School since September 2000. (*Id.*) DCPS funds her tuition under the IDEA. (*See* Compl. ¶ 1.) In September 2004, DCPS sought to move M.J. from the River School to Key Elementary School ("Key School"), as it had recently established there a public program for the hearing impaired. (*Id.* ¶ 7.) This move was challenged by defendant under the IDEA shortly thereafter. (*See id.* ¶ 8.)

On November 9, 2004, DCPS signed a settlement with defendant's counsel under which it agreed to fund M.J.'s placement at the River School until a meeting could be convened of a multi-disciplinary team/individualized education program ("MDT/IEP"). (*Id.* ¶ 9.) That meeting was held on November 17, 2004. (*Id.* ¶ 10.) The participants at the meeting, however, disagreed on certain determinations regarding M.J.'s individualized education program ("IEP"). (*See* Pl.'s Opp'n 2.) DCPS team members, which included staff members from Key School, found that, consistent with her previous IEP, M.J.'s primary disability was a hearing impairment ("HI"). The River School staff, however, concluded that M.J.'s primary disability was a speech and language impairment ("SLI"). (Compl.¶ 14.) Accordingly, there was a disagreement regarding whether M.J.'s appropriate placement would be in a full time special education setting, as proposed and offered by DCPS, or in a general education inclusion setting, as proposed and offered by the River School staff. (Pl.'s Opp'n 2.) After a full discussion at the MDT/IEP meeting, DCPS, despite defendant's opposition, issued a notice of placement ("NOP") for M.J. at the Key School. (Compl.¶ 19.) This was consistent with DCPS's IEP for M.J. which contained 25.5 hours of specialized instruction, 1 hour of speech/language therapy, and 1 hour of audiology. (*See id.* ¶ 17.)

On November 29, 2004, defendant filed a due process hearing request and invoked the protections of the stay-put provision of the IDEA pursuant to 20 U.S.C. § 1415(j).[FN1] (Def.'s Reply to Pl.'s Opp'n 5.) *110 Defendant alleged that DCPS had denied M.J. free, appropriate public education ("FAPE"). (Compl.¶ 25.) A hearing was held on March 9, 2005 (*Id.* ¶ 26), and on March 28, 2005, the hearing officer found that DCPS did not sustain its burden to demonstrate why the proposed change was appropriate. (*See* Pl. Opp'n 2-3.) The officer, therefore, ordered DCPS to continue funding M.J.'s education at the River School. (*See id.*)

> FN1. The IDEA's stay-put provision provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j) (2000). These proceedings include both administrative hearings, *id.* at § 1415(f), and civil actions, *id.* at § 1415(i)(2).

On June 30, 2005, DCPS filed this Complaint under the IDEA, appealing the hearing officer's decision

468 F.Supp.2d 107  
468 F.Supp.2d 107, 216 Ed. Law Rep. 384  
**(Cite as: 468 F.Supp.2d 107)**

Page 4

concerning the 2004-2005 school year. (Compl.¶ 1.) The Complaint seeks, *inter alia,* declaratory relief holding that DCPS did in fact meet its obligations to provide FAPE under the IDEA and that the Key School public program is an appropriate placement. (*Id.* at 7.) It also seeks a holding that DCPS has the discretion to decide placements for students to implement their IEPs, as well as reasonable costs and expenses, including attorneys' fees, and "any other relief that this Court deems just." (*Id.*)

On November 14, 2005, plaintiff filed a Motion for Summary Judgment. However, before a decision could be fully considered, a second due process hearing was held on January 23, 2006, regarding M.J.'s placement for the 2005-2006 school year. (Pl.'s Opp'n 3.) At this hearing, DCPS requested a continuance claiming that a special education teacher at Key School had to leave town suddenly in order "to assist an ailing family member." (*Id.*) Despite DCPS's contention that this witness was a "necessary party," the hearing officer denied the continuance. (*Id.*) After the testimony of one witness, DCPS entered into a settlement with defendant, agreeing to place M.J. at the River School for the 2005-2006 school year. (*Id.*)

In response to the settlement, defendant has filed the pending Motion to Dismiss claiming that the settlement renders this case moot as there is no relief available to plaintiff. (Def.'s Mot. Dismiss 1.) Defendant argues, *inter alia,* that reimbursement for the 2004-2005 school year is not available to plaintiff and that plaintiff consistently misrepresents the hearing officer's rationale in order to undermine his holding of March 28, 2005. (*See generally* Def.'s Mot. Dismiss.) Defendant, thus, maintains that the hearing officer conducted the hearing properly and was correct in his determination. (*See* Def's Reply to Pl.'s Opp'n 6.) Plaintiff, in turn, argues that reimbursement is, in fact, available and that the hearing officer was not correct in his determination. (*See generally* Pl's Opp'n.) Further, plaintiff maintains that this action is subject to the capable-of-repetition exception to mootness and thus cannot be dismissed.[FN2] (Pl's Opp'n 7-8.)

> FN2. Defendant's Motion to Dismiss also seeks attorneys' fees as a prevailing party under the IDEA. (Def.'s Mot Dismiss 11).

**STANDARD OF REVIEW**

[1] Defendant has brought this Motion to Dismiss under the mootness doctrine. As such it is reviewed under Federal Rules of Civil Procedure 12(b)(1). *Alston v. District of Columbia,* No 04-1833, 2006 WL 752938 (D.D.C. filed Mar. 22, 2006). In order to ensure that the Court has "jurisdiction over the subject matter," Fed. R. Civ. P 12(b)(1), the Court is limited to "actual, ongoing controversies," *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Thus, if an event occurs that renders it impossible for the Court "to grant 'any effectual relief whatever'**\*111** to a prevailing party" the case must be dismissed. *Beethoven.com v. Librarian of Congress,* 394 F.3d 939, 950 (D.C.Cir.2005).

[2][3] As in a motion to dismiss for failure to state a claim, here, the Court must accept the non-moving party's allegations as true, construing them in the light most favorable to that party. *See Kalil v. Johanns,* 407 F.Supp.2d. 94, 96-97 (D.D.C.2005); *Caesar v. United States,* 258 F.Supp.2d 1, 2 (D.D.C.2003). The Court, however, is not confined to the pleadings and may consider outside matters in considering the motion. *Kalil,* 407 F.Supp.2d. at 97 (noting that "the Court can consider matters outside of the pleadings when resolving challenges to subject matter jurisdiction").

**ANALYSIS**

**I.** *Settlement Renders the Complaint Moot*

The purpose of the IDEA is "to ensure that all children with disabilities have available to them a free appropriate public education" and "to ensure that the rights of children with disabilities and parents of such children are protected". 20 U.S.C. at § 1400(d)(1). The IDEA also requires that "[e]ach local educational agency or State educational agency shall ensure that the parents of each child with a disability are members of any group that makes decisions on the educational placement of their child." *Id.* at § 1414(e).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

468 F.Supp.2d 107  
468 F.Supp.2d 107, 216 Ed. Law Rep. 384  
**(Cite as: 468 F.Supp.2d 107)**

Page 5

[4] The IDEA, however, does not create a private cause of action. Sellers v. Sch. Bd. of Manassas, 141 F.3d 524, 526 (4th Cir.1998) (citing Hall v. Vance County Bd. of Educ., 774 F.2d 629, 633 n. 3 (4th Cir.1985)). Instead, "IDEA relief depends on equitable considerations." Reid v. District of Columbia, 401 F.3d 516, 523 (D.C.Cir.2005) (citing County Sch. Dist. Four v. Carter, 510 U.S. 7, 15-16, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993)). The Supreme Court has found the tuition reimbursement to families is appropriate as it is consistent with the purpose of the IDEA. Sch. Comm. of Burlington v. Dep't of Educ. of Mass., 471 U.S. 359, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

Further, such reimbursement does not constitute damages as it simply requires the educational agency "to belatedly pay expenses that it should have paid all along." Id. at 370-371, 105 S.Ct. 1996. The Supreme Court's rationale in Burlington is based primarily on the extensive protections afforded parents under the IDEA, including "procedural safeguards," and on the importance of protecting children against inappropriate placements. Id. at 368-371, 105 S.Ct. 1996. It, therefore, does not contemplate that parents seeking to exercise the law's protections would be required to reimburse tuition paid by the educational agency to a school already deemed appropriate for a child. See id. Indeed, this is consistent with the federal regulations that define the limits on parents wishing to seek reimbursement, but do not even address, let alone promulgate procedures for an educational agency to seek reimbursement from a parent. See 34 C.F.R. § 300.403 (2004).

[5][6][7] Thus, in this case, the plaintiff's cause of action is moot as DCPS cannot be effectually reimbursed for the tuition it paid the River School on behalf of M.J. for the 2004-2005 school year. Moreover, even if it could, its agreement to keep M.J. at the River School for the 2005-2006 school year would be wholly inconsistent with any reimbursement whatsoever. Indeed, it would be inconsistent with the parent's role in determining a student's placement and the IDEA's procedural safeguard throughout that process, see 20 U.S.C. § 1415, for the Court to Grant the *112 relief sought by DCPS. FN3 Simply stated, requiring parents to reimburse school districts for tuition and other expenses paid to private schools under the stay-put provision is wholly inconsistent with the intent and spirit of the provision itself. See Aaron M. v. Yomtoob, No. 00-7732, 2003 WL 22836308, **6-7, 2003 U.S.Dist. LEXIS 21252 at *20 (N.D.Ill. Nov. 25, 2003) (finding that the effect of requiring parents to reimburse school districts would be to discourage parent's with limited financial resources from taking advantage of the stay-put provision and that such an effect "would undermine the IDEA's fundamental policy goals").FN4 Accordingly, as there is no "effectual relief" available to plaintiff, this case must be dismissed as moot.FN5

FN3. Not only did the defendant properly exercise her right under the IDEA to challenge DCPS's placement change, see 20 U.S.C. § 1415, but M.J. had been placed at the River School by DCPS (Def.'s Mot. Dismiss 1), and that placement was confirmed by the hearing officer (Pl.'s Opp'n 2-3). Thus, M.J. attended the River School throughout these proceedings consistent with the stay-put provision of the IDEA, and DCPS was obligated to and did continue to fund her placement. 20 U.S.C. § 1415(j).

FN4. It should be noted that DCPS paid the River School directly, thus the money was never in the possession of the defendant (Def.'s Mot. Dismiss 7), and, therefore, defendant cannot reimburse plaintiff. The defendant also argues that because plaintiff did not seek reimbursement in the Complaint, it is precluded from doing so now. (Def.'s Mot. Dismiss at 7 (citing Fed.R.Civ.P. 8(a)(3)).) However due to plaintiff's request for "any other relief that this Court deems just," (Compl. at 7), this argument may run contrary to the liberal rules of pleading, and, nonetheless, is unnecessary given the stay-put provision's protection.

FN5. Plaintiff argues that this case is not moot as it falls into the "capable of repetition yet evading review" exception to mootness. The exception does not apply though, if "any further dispute over this issue will not evade review." United States v. Weston, 194 F.3d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

468 F.Supp.2d 107
468 F.Supp.2d 107, 216 Ed. Law Rep. 384
**(Cite as: 468 F.Supp.2d 107)**

Page 6

145, 148 (D.C.Cir.1999). The exception, in fact, only applies in "exceptional situations," where both "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (alterations in original) (citations omitted) (holding that the case did not satisfy the conditions as the petitioner did not show the time period of the challenged action "is always too short as to evade review."). Though it is likely both that DCPS will attempt to move M.J.'s placement in the future and that the change will be challenged by defendant, such likelihood does not create an exception to the mootness doctrine. *See Spencer,* 523 U.S. at 17, 118 S.Ct. 978. As in *Spencer,* it is not clear that the duration of the challenged action will always be too short to be litigated. *See id.* Here, plaintiff's action could not be fully litigated due to a settlement voluntarily entered into by DCPS, not due to the end of the school year. Moreover, due to her young age, it is likely that M.J.'s IEP will change in the future, thus, it is impossible to predict whether a hearing officer will continue to support the River School placement. Therefore, at this point in time, this action does not fall into the "capable of repetition yet evading review" exception to mootness. *See id.*

### II. *Attorneys' Fees*

Under the IDEA, only the "prevailing party" can be awarded attorneys' fees. 20 U.S.C. § 1415(i)(3)(B). The Supreme Court has held that a party can only be determined to prevail if it does so on the merits or with "the necessary judicial *imprimatur,*" such as through a consent decree. Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (rejecting petitioners' position that, despite the dismissal of their claim on mootness grounds, the voluntary change in respondents' conduct should be sufficient to render the petitioner a "prevailing party").

*113 [8] As this action is moot, the Court lacks jurisdiction to either make a determination on the merits of this action or to order a consent decree that could render defendant a "prevailing party." *See Buckhannon,* 532 U.S. at 605, 121 S.Ct. 1835. Accordingly, defendant cannot be awarded attorneys' fees.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss and DENIES AS MOOT plaintiff's Motion for Summary Judgment. An appropriate Order will issue with this Memorandum Opinion.

D.D.C.,2006.
District of Columbia v. Jeppsen ex rel. M.J.
468 F.Supp.2d 107, 216 Ed. Law Rep. 384

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.