IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 06-2105 (PLF) |
| : | |
| **LARRY ABRAMSON and** : | |
| **CAROLINE NEWMAN,** : | |
| : | |
| Parents and next friend of S.A., : | |
| : | |
| Defendants. : | |
| _____ : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In Defendants' "Opposition to Plaintiff's Motion for Summary Judgment," ("Opposition") filed herein April 20, 2007, Defendants state that 1) the IDEIA provision that requires the LEA, in which the student is enrolled, to conduct child find, applies to equitable services only; 2) the LEA of residence has a child find responsibility; and 3) that Plaintiff's argument is "illogical."

1. **The U.S. Department of Education clearly intended that the LEA where the child attends school bear the responsibility for conducting child find.**

Defendants argue that Plaintiff "does not recognize the difference between FAPE and Equitable Services," and that the commentary provided by Plaintiff on page 10 of its Motion for Summary Judgment is for equitable services only. *Opposition, p. 2.* Defendants are mistaken. The commentary applies to parentally-placed private school children with disabilities. *See AR, p. 230.* However, even if Defendants are correct and the cited commentary as well as 20 U.S.C. §1412(a)(10)(i)(II) apply to equitable services

only, the result is that the provision is still applicable to S.A.—a child who was parentally placed in a private school. As a child who has been parentally-placed in a private school, S.A. is only entitled to equitable services, and not the full gamut of services available to a disabled student attending a public school. Moreover, since S.A. had not yet been determined disabled at the time the Hearing Officer issued his determination, he was not even eligible to receive equitable services.

Defendants state that the U.S. Department of Education Questions and Answers "leave no room for interpretation." *Opposition, p. 3.* Plaintiff agrees. The answer to Question E.2. states if a "parent makes clear his or her intent to keep the child enrolled in the private elementary or secondary school located in another LEA, the LEA where the child resides need not make FAPE available to the child." *Opposition, attachment 3, p. 7.*

Here, we have a child that has attended only private schools for most of his life. Indeed, S.A. has not attended a D.C. Public School since second grade. When his parents entered the C.A.R.E. Center and requested that their child be evaluated, S.A. did not accompany them. Had S.A. accompanied his parents to the C.A.R.E. Center, as many students do, Center personnel would have been able to conduct an initial interview of S.A.

A few weeks later, when DCPS went to Georgetown Day School to observe S.A. in the classroom, his parents had already removed him from school. DCPS later learned—after the fact—that the parents had placed S.A. in the Grove School, yet another private school located in Connecticut. S.A. was removed from this jurisdiction before DCPS ever had a chance to meet him, let alone conduct evaluations. S.A. remains at the same private school to date.

2

It is clear that the parents intend to keep S.A. enrolled in the Grove School in Connecticut. Consequently, as the answer to Question E.2. states, DCPS is not required to make FAPE available to S.A.

In their Opposition, Defendants have again referred the Court to two Hearing Officer Determinations ("HOD"). As stated in Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Plaintiff believes that Defendants request that this Court consider other HODs is inappropriate. An HOD not before this Court is irrelevant and is not binding on this Court. Moreover, repeatedly citing HODs that contain the same erroneous legal conclusion does not make that conclusion more credible.

### 2. The Hearing Officer's finding that DCPS denied a FAPE is plainly wrong.

The IDEIA child find provision, upon which Defendants rely so heavily, begins "All children **with disabilities**…" (Emphasis added.) At the time the Hearing Officer issued his determination, S.A. had not been diagnosed as a child with a disability. Indeed, S.A. was removed from the jurisdiction before DCPS personnel had an opportunity to even meet him, let alone conduct an evaluation to determine his eligibility for special education services. Thus, the Hearing Officer's finding of a denial of a FAPE was premature.

### 3. Plaintiff's argument is logical.

Defendants state that Plaintiff's argument is "illogical" and "makes no sense" because it would require DCPS to "honor the evaluations and eligibility of another LEA." *Opposition, p. 5.* Not only is Plaintiff's position logical and sensible, it is a result of *IDEA's* directive to do just that.

20 U.S.C. §1414(d)(2)(C)(i)(II) provides that

3

> In the case of a child with a disability who transfers school districts within the same academic year, who enrolls in a new school, and who had an IEP that was in effect in another State, the local educational agency shall provide such child with a free appropriate public education, including services comparable to those described in the previously held IEP, in consultation with the parents until such time as the local educational agency conducts an evaluation pursuant to subsection (a)(1) of this section, if determined to be necessary by such agency, and develops a new IEP, if appropriate, that is consistent with Federal and State law.

Thus, if the first LEA has already evaluated a child, found him eligible and developed an IEP, the second LEA must honor the findings of the previous LEA and must implement that prior IEP as written, until such time as the second LEA develops its own IEP.

In this case, had the parents gone to the LEA in Connecticut where Grove School is located, and Grove conducted evaluations, determined S.A. eligible and developed an IEP, DCPS would have to honor those findings.  If the parents later decided they wanted to return S.A. to the District of Columbia Public School system, DCPS would be required to implement the IEP developed by Grove, until such time that DCPS reevaluated S.A. and developed its own IEP.

There is nothing illogical or nonsensical about this possible chain of events. These actions are statutorily imposed.

## **CONCLUSION**

For the foregoing reasons, and for reasons discussed in previous filings, the HOD must be overturned, and Plaintiff's Motion for Summary Judgment must be granted.

>  Respectfully submitted,
>
>  LINDA SINGER
>  Attorney General for the
>    District of Columbia
>
>  GEORGE C. VALENTINE

4

        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Section Chief
        Equity Section Two

        */s/ Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        Civil Litigation Division
        Equity Section Two
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651 (phone)
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**May 11, 2007**