IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LARRY ABRAMSON and<br>CAROLINE NEWMAN<br>parents and next friend of S.A.,<br><br>　　　　Defendants. | Civil Action No. 06-CV-2105 (PLF) |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.　Plaintiffs Have a Duty to Conduct Evaluations of Students Seeking a FAPE who reside in the District of Columbia.**

Misciting or ignoring uniformly contrary authority, plaintiffs continue to make the argument that the Local Educational Agency ("LEA") where a student's private school is located bears <u>all</u> child find responsibilities under the IDEA, thereby relieving the LEA of residence of its duty to evaluate a student's special education needs. In doing so, plaintiffs are failing to acknowledge that the United States Department of Education ("the Department") has already addressed this very issue and has clearly stated that in these situations, the LEA of residence is *not* relieved of its duty.

Moreover, plaintiffs also continue to misunderstand our reliance on the United States Department of Education Questions and Answers, the same federal agency they would direct the

Court to for guidance.[1]  *See* U.S. Department of Education, Questions and Answers On Serving Children with Disabilities Placed by Their Parents in Private Schools, Question and Answer E-1 (January, 2007), *available at* http://idea.ed.gov/explore/view/p/%2Croot%2Cdynamic%2CQa Corner%2C1%2C (attached to Defendants' Opposition).  As we have stated, Question E-1 makes it clear that, when the parents of a student who is attending a private school outside of the jurisdiction are seeking *only* equitable services for a child, they <u>must</u> go to the LEA where the private school is located.  However, if the parents are seeking a full determination a free appropriate public education ("FAPE"), including an Individualized Education Program ("IEP") and other special education services, they <u>must</u> go to the LEA of residence.

     Section E-1 reads, in part, "parents could ask two different LEAs to evaluate their child for two different purposes at the same time."  It continues, ". . . there is nothing in the IDEA that prohibits parents from requesting that their child be evaluated by the LEA responsible for FAPE for purposes of having a program of FAPE made available to the child . . ."  The Department's interpretation is not subject to interpretation – the LEA of residence has a duty to evaluate students for the purposes of providing FAPE.

     The Department does note that, while it is possible under the IDEA, it does not encourage the practice of parents going to *both* the LEA of residence and the LEA where the private school is located for purposes of evaluating a student because "subjecting a child to repeated testing by

---

[1]  In fact, plaintiffs' opposition notes that we cite to the Department of Education, March 2006, Questions and Answers, Question F-1 regarding the duty of the LEA of residence to provide FAPE.  Plaintiffs are correct that "Question F-1 [of the March, 2006, Questions and Answers] does not address which LEA is responsible for conducting evaluations."  However, as we have emphasized throughout, the January, 2007, Department of Education Questions and Answers do answer the question of which LEA is responsible for conducting evaluations, specifically in the Response at E-1.  Plaintiffs have no argument in reply to E-1 at all.

separate LEAs in close proximity of time may not be the most effective or desirable way to ensure that the evaluations are meaningful measure of whether a child has a disability . . ." *Id*. at E-1.  However, common sense dictates that, if a parent had already begun the evaluation process in the LEA of residence, as is the case with S.A., that LEA should complete the evaluation process and make a determination of eligibility, regardless of where the student attends private school.  This scenario is particularly true for S.A whose parents went to DCPS in order to receive a FAPE for their son.  DCPS began the evaluation process, as required by law, but stopped abruptly upon learning that S.A. had begun attending school in another jurisdiction.  The school system's actions were just plain wrong.[2]  By beginning the evaluation process DCPS has a duty to complete that process, no matter where S.A. is attending school.

## II.    CONCLUSION.

For these reasons, as well as those discussed in the record and our previous filings, we respectfully ask this Court to affirm the decision of the Due Process Hearing Officer.

Respectfully submitted,

　　　/s/ (filed electronically)　　
Michael J. Eig         #912733
Haylie M. Iseman       #471891
Matthew B. Bogin       #911552
Paula A. Rosenstock    #494580

MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760

---

[2]    Of course, that violation of the IDEA has been extremely burdensome to the family here.  When it is further exacerbated by plaintiffs' overt and unauthorized refusal to honor its "stay put" funding obligations in the wake of the parents' prevailing in their Due Process Hearing, the state of plaintiffs' IDEA compliance is virtually nonexistent. *Ringwood Board of Ed. v. K.H.J.*, 469 F. Supp. 2d 267 (D.N.J. 2006).

        Chevy Chase, Maryland 20815
        (301) 657-1740

        Counsel for Defendants