IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-2105 (PLF) |
| **LARRY ABRAMSON and CAROLINE NEWMAN,** | : |
| Parents and next friend of S.A., | : |
| Defendants. | : |
| _____ | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to this Court's LCvR 7.1(h), Plaintiff, by counsel, hereby opposes Defendants' "Motion for Preliminary Injunction" ("Motion") filed herein June 21, 2007, requesting that the Court issue a preliminary injunction requiring Plaintiff to reimburse Defendants for tuition and costs at the Grove School ("Grove") from May 4, 2006 through the date of the Order.

Defendants' position is based upon the belief that an order contained within the Hearing Officer's Determination issued September 14, 2006, constitutes a "stay put" placement. Defendants argue that the Hearing Officer placed S.A. at Grove, that Grove is S.A.'s then-current educational placement, and that Plaintiff's refusal to pay the tuition and costs at Grove is a violation of the stay put provision of the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1415(j).

However, Defendants have misstated the HOD, misapplied the statutes, and

misinterpreted the Supreme Court's ruling in *School Committee of the Town of Burlington, Massachusetts v. Department of Education of the Commonwealth of Massachusetts* 471 U.S. 359 (1985). For the reasons set forth below, there is no merit whatever to the Motion, and the Motion should be dismissed forthwith.[1]

## ARGUMENT

### I. Grove is not S.A.'s "Stay Put" Placement.

#### A. The Statutes Defendants Rely Upon are Inapplicable in this Case; the Hearing Officer did not Place S.A. at Grove.

20 U.S.C. §1415(j) provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then- current educational placement of the child." 34 C.F.R. §300.518(d) provides that "if the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal **agrees with the child's parents that a change of placement is appropriate**, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section." (Emphasis added.)

Defendants argue that the Hearing Officer placed S.A. at Grove, and that Grove is S.A.'s then-current educational placement pursuant to those statutes. However, that is not what happened in this case.

The Hearing Officer ordered that "if the student is determined eligible DCPS shall

---

[1] Plaintiff here treats the Motion as seeking a stay-put determination. To the extent the relief sought is otherwise, the Motion fails for the absence of any showings concerning at least three of the traditional elements warranting injunctive relief—injury to defendant, no injury to Plaintiff and the public interest. *District of Columbia v. Group Ins. Admin.*, 633 A.2d 2, 21–24 (D.C. 1993); *Barry v. Washington Post Co.*, 529 A.2d 319, 320–321 (D.C. 1987).

develop an individualized educational program (IEP) and *discuss and determine placement* and shall reimburse the parent for the student's tuition at the Grove School." *See HOD, p. 10, para. 3.* (Emphasis added.) Clearly, the Hearing Officer did not place S.A. at Grove since he ordered DCPS to "discuss and determine placement." It is quite evident that the Hearing Officer intended the placement decision to remain with DCPS. Furthermore, the Hearing Officer stated that the parent requested that he find Grove an appropriate placement for S.A. But the Hearing Officer **did not make such a finding.** *See HOD, p. 9.*

The Hearing Officer neither agreed with the parents that Grove is an appropriate placement nor ordered DCPS to place S.A. at Grove. Consequently, 20 U.S.C. §1415(j) and 34 C.F.R. §300.518(d) are inapplicable in this case, and Grove is not S.A.'s current educational placement.

### B. Defendants have Misinterpreted the *Burlington* ruling.

In their Motion, Defendants assert that the Supreme Court has "consistently held" that an "administrative decision in favor of the parents 'would seem to constitute an agreement by the State to the change of placement'." To demonstrate this "consistency", Defendants cite only one case—*Burlington.* However, Defendants have misinterpreted the *Burlington* holding.

The two issues in *Burlington*—and the issues upon which the Supreme Court ruled—were whether a reviewing court has the *power* to order tuition reimbursement, and whether a parental violation of the stay put provision constitutes a waiver of the parent's right to reimbursement for private placement expenses. The Supreme Court *did not hold*—as Defendants argue—that an administrative decision in favor of the parents

3

"would seem to constitute an agreement by the State to the change of placement." That quote is mere dictum, and not a part of the Supreme Court's ruling. Indeed, the Court stated, "We need not resolve the academic question of what [the student's] 'then current educational placement' was." *Id. at 371*.

The Supreme Court in *Burlington* did not "hold" that an administrative decision for the parents constitutes an agreement by the state to the change of placement. Moreover, even if that were the ruling, *Burlington* is irrelevant because in this case, the Hearing Officer's actions did not constitute a placement at Grove in any event.

**II. Since Grove is not S.A.'s Stay Put Placement, Defendants are not Entitled to Reimbursement for Tuition and Costs.**

Defendants assert that DCPS' failure pay S.A.'s tuition at Grove amounts to a unilateral change in placement. *See Motion, p. 4*. However, this assertion is based upon the faulty premise that the Hearing Officer placed S.A. at Grove. There was no placement at Grove. Therefore, Grove is not S.A.'s stay put placement. As a result, Defendants are not entitled to reimbursement for tuition and costs at Grove.

It also follows that, since the stay put provision of IDEIA is inapplicable here, Defendants are not entitled to an "automatic preliminary injunction without further proof." *See Motion, p. 4*.

## CONCLUSION

Defendants' argument for reimbursement of tuition and costs at Grove is based upon the belief that the Hearing Officer placed S.A. at Grove, that this placement is, in effect, a stay put placement, and the stay put provision of IDEIA requires DCPS to fund the placement during the course of this litigation. However, the HOD clearly shows that the Hearing Officer did not place S.A. at Grove. Accordingly, Defendants Motion for

Preliminary Injunction must be denied.

                    Respectfully submitted,

                    LINDA SINGER
                    Attorney General for the
                      District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    */s/ Edward P. Taptich*_____
                    EDWARD P. TAPTICH (012914)
                    Section Chief
                    Equity Section Two

                    */s/ Veronica A. Porter*_____
                    VERONICA A. PORTER (412273)
                    Assistant Attorney General
                    Civil Litigation Division
                    Equity Section Two
                    441 Fourth Street, N.W., Sixth Floor South
                    Washington, D.C.  20001
                    (202) 724-6651 (phone)
                    (202) 727-3625 (facsimile)
                    veronica2.porter@dc.gov

**June 29, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 06-2105 (PLF) |
| : | |
| **LARRY ABRAMSON and** : | |
| **CAROLINE NEWMAN,** : | |
| : | |
| Parents and next friend of S.A., : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER**

Upon consideration of Defendants' Motion for Preliminary Injunction, Plaintiff's Opposition thereto and any reply, it is, this \_\_\_\_\_ day of _____, 2007,

**ORDERED**, That Defendants' Motion for Preliminary Injunction is DENIED.

_____
UNITED STATES DISTRICT JUDGE