IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 06-2105 (PLF) |
| **LARRY ABRAMSON and** : | |
| **CAROLINE NEWMAN** : | |
| Parents and next friend of S.A., : | |
| Defendants. : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, through counsel, respectfully opposes in part Defendants' Motion for Attorneys' Fees and Costs, ("Motion") filed September 28, 2007, pursuant to LCvR 7.1(b). Defendants have petitioned this Court for $65,800.03 - $63,692.50 for attorneys' fees and $2,107.53 for expenses. While Plaintiff does not dispute Defendants' entitlement to some attorney fees as the prevailing party in the instant case, Plaintiff does oppose the amount of attorney fees requested.

Specifically, Plaintiff objects to Defendants' request for fee payments that (1) are based upon unsuccessful claims; (2) concern an Individualized Education Plan ("IEP"); (3) are remote in time and are unrelated to the administrative or federal court proceeding; (4) are clerical in nature but are charged at the attorney's hourly rate; and (5) are vague and are otherwise unreasonable.

## ARGUMENT

I.   **Legal Standards of Review**

   **A. Court's authority to award the prevailing party attorneys' fees and costs under IDEIA.**

   As a prevailing party, Defendants are entitled to attorneys' fees and costs under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§1400 et seq. ("IDEIA"). Section 1415(I)(3)(B) of the IDEIA authorizes the Courts to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party."

   **B. Reasonableness of fees under the IDEIA: Defendants bear the burden of establishing all elements of the requested fee award.**

   Under IDEIA, the Court is empowered to exercise its discretion in determining the amount of fee awards. However, Defendants bear the burden of establishing all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours, and justifying the reasonableness of the rates. See Blum v. Stenson, 465 U.S. 866, 896 n. 11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Role Models America, Inc. v. Brownlee, 353 F.3d 962, 968 (D.C. Cir. 2004); Covington v. District of Columbia, 57 F.3d 1101, 1107 (1995), cert. denied, 516 U.S. 1115 (1996); Smith v. District of Columbia, Civ. No. 02-0373 (D.D.C.), Memorandum Opinion issued June 24, 2003, pp. 8-9, aff'd, D.C.Cir. No. 03-7130 (December. 3, 2004). "The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request." Smith v. Roher, 954 F.Supp. 359, 365 (D.D.C. 1997) (citing In re North, 303 U.S.App.D.C. 443, 8 F.3d 852 (1993)). "Supporting documentation 'must be of sufficient detail and probative value to enable the court to determine *with a high*

*degree of certainty* that such hours were actually and *reasonably expended….'.*" In re Olson, 280 U.S.App.D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting United Slate, Tile & Composition v. G&M Roofing, 732 F.2d 495, 502, n. 2 (6th Cir. 1984)) (emphasis in original). And the Court must exclude from the fee award any hours that were not "reasonably expended." Smith v. Roher, supra, 954 F. Supp. at 365 (citing Hensley v. Eckerhart, supra, 461 U.S. at 434)).

## II. Defendants are not entitled to recover attorney's fees for time expended on unsuccessful claims.

In Hensley v. Eckerhart, 461 U.S. 424, (1983), the Supreme Court defined the conditions under which a party who prevails on only some claims may recover attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.Sec. 1988.[1] Specifically, the Court provided for a two-step inquiry focused on the following questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that make the hours reasonably expended a satisfactory basis for making a fee award?" Hensley at 434.

> Under the first inquiry, if the lawsuit presents unrelated claims-some successful and others not - a court must confine fee awards to work done on the successful claims.  The reason: "a plaintiff should not be able to force his opponent to pay for legal services involved in  bringing groundless claims simply because those unsuccessful claims were brought in a lawsuit that included successful claims." Sierra Club v. EPA, 769 F.2d 796, 801 (D.C. Cir. 1985).  Simply put, Hensley's first prong requires a trial court or ALJ to conduct an examination of the hours counsel expended on each claim in the case, weeding out work done on unrelated unsuccessful claims from any award."

Hyman Construction Co., 963 F.2d at 1535.

---

[1] "Though the Hensley analysis was crafted in the Sec. 1988 context, it was explicitly designed by the Court to apply to all federal statutes limiting fee awards to 'prevailing parties.'" Hyman Construction Co. v. Brooks, 963 F.2d 1532, 1535 (D. C. Cir. 1992).

3

In the instant case, in addition to their dispositive motions, Defendants filed a Motion to Show Cause on April 9, 2007, and a Motion for Preliminary Injunction on June 21, 2007.  Both motions were denied by the Court on June 1, 2007, and July 3, 2007, respectively.  As a result, any fees included on the invoice that pertain to these two motions should not be awarded.  A summary of those fees is listed below.

### A.  Haylie Iseman

| | | |
|---|---|---|
| 6/21/07 | Preliminary Injunction ("PI") work | $244.00 |

### B.  Matthew Bogin

| | | |
|---|---|---|
| 6/17/07 | PI work | $680.00 |
| 6/18/07 | PI work | 850.00 |
| 6/19/07 | PI work | 127.50 |
| 6/20/07 | PI work | 425.00 |
| | | $2,082.50 |

### C.  Michael Eig

| | | |
|---|---|---|
| 4/8/07 | Show Cause ("SC") work | $1,062.50 |
| 4/21/07 | SC work | 1,912.50 |
| 5/30/07 | ½ time on SC work | 637.50 |
| | | $3,612.50 |

### C.  Paula Rosenstock

| | | |
|---|---|---|
| 4/5/07 | SC work | $245.00 |
| 4/6/07 | SC work | 612.50 |
| 4/9/07 | SC and PI work | 490.00 |
| 4/23/07 | SC work | 245.00 |
| | | $1,592.50 |

$7,531.50

### III.  Defendants may not recover fees for IEP meetings and related activities, which are specifically barred by the IDEIA.

IDEIA specifically bars reimbursement for attorneys' fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative

4

proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e)." 20 U.S.C. § 1415(i)(3)(D)(ii). As stated in Bradley v. District of Columbia, Civ. No. 99-3188 (D.D.C. October 9, 2001), slip op. at 16, for example:

> The Court will also disallow attorneys' fees relating to any meeting of the IEP team . . . and fees attributable to counsel's attendance at an "intake interview" at Chelsea School . . . . See 20 U.S.C. Section 1415(D)(ii)("[a]ttorneys' fees may not be awarded relating any meeting of the IEP Team. . . .").

And see Leslie E. v. Bethlehem Central Sch. Dist., 652 N.Y.S.2d 891 (N.Y.Sup.Ct. 1997). See also Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68 (9th Cir. 1995).

The HOD in this case was issued September 14, 2006, and the Hearing Officer did order Plaintiffs to convene an MDT/IEP meeting. Plaintiff concedes that the IEP meeting and related activities that occurred after September 14, 2006, are appropriately included on the invoices. However, several of Defendants' IEP entries are not temporally close to the September 14, 2006 HOD, and those entries should be excluded from the award of attorney's fees. Those entries are listed below:

**A. Megan Gorzynski**

| | | |
|---|---|---|
| 4/5/07 | IEP related event | $75.00 |
| 5/1/07 | IEP related event | $75.00 |
| | | $150.00 |

**B. Michael Eig**

| | | |
|---|---|---|
| 2/24/07 | IEP related event | $ 127.50 |
| 3/9/07 | IEP meeting | 1,487.50 |
| 5/1/07 | IEP meeting | 1,275.00 |
| | | $2,890.00 |

**C. Patricia Cyr**

| | | |
|---|---|---|
| 2/1/07 | IEP meeting | $735.00 |
| | | $3,775.00 |

5

## IV. **Defendants may not recover fees for items that are remote in time and not connected to the administrative or federal court proceeding.**

IDEIA permits the awarding of fees for a prevailing party's representation in an "action" or "proceeding" brought under the statute. 20 U.S.C. §1415(i)(3)(B)(i). The statute does not contemplate some undefined form of ongoing representation of students. It quantifies the activities for which school districts are obliged to reimburse legal representation to the administrative process described in 20 U.S.C. §1415 – one begun by the filing of a request for an administrative hearing, and concluding with the issuance of an administrative decision.

The claims here, however, assume that anything done by counsel at any time concerning the student will somehow be reimbursable, irrespective of its temporal relationship to the administrative proceedings provided for in the statute. To be sure, it is not unreasonable to conclude that, say, activities by counsel in preparation of a hearing request, or follow-up advise to a client immediately after the issuance of an HOD, are acceptably related to the statutory "action" or "proceeding." However, many of the claims here evidence no such restraint – the claims include activities that have no temporal proximity to the "action" or "proceeding" on which the right to fees is based.

For example, Defendants have included an initial meeting with the clients, and several conferences with the clients during the months of January, February and March, 2006. As this Court is well aware, Plaintiff was intent on going forward with the evaluation, during the first few months of the year, and Defendants, presumably, also wanted the process to continue. Indeed, in letters dated March 13, 2006 and April 17, 2006, Defendants state that they want Plaintiff to continue the MDT/IEP process. *See Administrative Record filed herein February 23, 2007, pp. 158-159.* Moreover, Plaintiff

6

did not inform Defendants until May 4, 2006, that the District of Columbia Public Schools ("DCPS") would not complete the evaluation process. Consequently, unless Defendants were not acting in good faith, they should not have even contemplated filing the due process hearing request until *after* receiving the May 4, 2006, letter from DCPS. Therefore, all of Defendants invoice entries prior to May 4, 2006 should be excluded from any award of attorneys' fees.

In addition, after the September 14, 2006 HOD issued, Defendants filed a subsequent due process hearing request. This hearing never took place because Defendants withdrew their hearing request. Since there was no second hearing, Defendants are not prevailing parties and are not entitled to recover attorneys' fees for this non-existent hearing.

Accordingly, since the billed items are too remote in time to the date of the hearing, and because there appears to be no substantive work performed on the case during the referenced time, none of the amounts charged for those periods of time should be approved. See Czarniewy v. District of Columbia, Civ. No. 02-1496 (D.D.C. March 25, 2005), slip op. at 7. Those fees are listed below:

**A. Haylie Iseman**

| Date | Description | Amount |
|---|---|---|
| 1/11/06 | meeting with client | $244.00 |
| 2/9/06 | conference with clients | 335.50 |
| 2/10/06 | call with clients | 91.50 |
| 3/13/06 | conference with clients, etc. | 183.00 |
| 4/17/06 | reviewed email from clients | 61.00 |
| 5/3/06 | reviewed file, etc. | 244.00 |
| 5/4/06 | conference with clients | 61.00 |
| 5/5/06 | MDT meeting | 610.00 |
| | | $1,830.00 |

   B. **Megan Gorzynski**

| | | |
|---|---|---:|
| 1/10/07 | non-hearing event | $375.00 |
| 1/11/07 | non-hearing event | 150.00 |
| 1/17/07 | non-hearing event | 45.00 |
| 9/4/07 | event too remote from hearing | 150.00 |
| 9/11/07 | event too remote from hearing | 45.00 |
| 9/17/07 | event too remote from hearing | 150.00 |
| 9/18/07 | event too remote from hearing | <u>270.00</u> |
| | | $1,185.00 |

   C. **Michael Eig**

| | | |
|---|---|---:|
| 12/30/05 | initial meeting with clients | $1,062.50 |
| 2/9/06 | meeting with clients | 637.50 |
| 2/10/06 | phone call with clients | 212.50 |
| 3/5/06 | review emails, etc. | 1,275.00 |
| 3/13/06 | review client communications | 255.00 |
| 4/3/06 | review client emails, etc. | 212.50 |
| 4/17/06 | review client emails, etc. | 255.00 |
| 9/5/06 | preparation for hearing (that did not occur) | 212.00 |
| 9/7/06 | non-hearing event | 425.00 |
| 11/17/06 | non-hearing event | 850.00 |
| 11/20/06 | non-hearing event | 255.00 |
| 11/30/06 | non-hearing event | 977.50 |
| 12/20/06 | remote entry | 212.50 |
| 6/27/07 | new hearing request (unrelated to the HOD in this action) | <u>637.50</u> |
| | | $7,479.50 |

   D. **Patricia Cyr**

| | | |
|---|---|---:|
| 11/29/06 | event related to non-hearing | $196.00 |
| 11/30/06 | event related to non-hearing | <u>245.00</u> |
| | | $441.00 |
| | | $10,935.50 |

**V. <u>Defendants are not entitled to reimbursement for clerical tasks at an attorney rate.</u>**

    Defendants' have inappropriately charged (at an hourly rate of $245.00 to $425.00, depending on years of attorney experience) for various tasks that are clerical

8

functions, not legal ones.  Nowhere in the IDEIA does it give a prevailing party the right to recoup such clerical costs.  See <u>Lopez v. District of Columbia</u>, 383 F. Supp. 2d 18, 25 (D.D.C. 2005).

In addition, Defendants' invoices include tasks performed by three persons—Jamene Jackson, Megan Gorzynski and Sarah Massey—who were not identified in Mr. Eig's Declaration, and whose qualifications, experience, etc. are nowhere set forth.  Although their invoice entries are clerical in nature, the three are billing at an hourly rate of $150.00.  The fees are excessive and must be reduced.  Plaintiff does not object to an hourly rate of $75.00 for such clerical services.  These excessive fees and the time spent on each task are listed below:

**A.  Matthew Bogin - $425.00 per hour**

| | | |
|---|---|---|
| 9/23/07 | review time slips | 1 hour |

**B.  Michael Eig - $425.00 per hour**

| | | |
|---|---|---|
| 9/21/07 | review time slips | 48 minutes |

**C.  Paula Rosenstock - $245.00 per hour**

| | | |
|---|---|---|
| 2/16/07 | calendaring Court dates | 24 minutes |
| 9/21/07 | review time slips | 1 hour |
| 9/27/07 | edits to time slips | <u>1hour 30 minutes</u> |
| | | 2 hours 54 minutes |

**D.  Jamene Jackson - $150.00 per hour**

| | | |
|---|---|---|
| 10/4/06 | e-mail correspondence | 12 minutes |
| 4/4/07 | enclosure letter | 12 minutes |
| 4/9/07 | letter | 12 minutes |
| 4/23/07 | letter | 12 minutes |
| 4/27/07 | letter | <u>12 minutes</u> |
| | | 1 hour |

**E. Sarah Massey - $150.00 per hour**

    5/30/06  scheduled dispute resolution session     30 minutes

In summary, Mr. Bogin should have charged only $75.00 for his task; $350.00 must therefore be reduced from his invoice total. Mr. Eig should have charged only $60.00 for a task that took 48 minutes to complete, which will reduce his invoice total by $280.00. Ms. Rosenstock's $710.50 charges for her clerical tasks should have been $217.50; so $493.00 should be deducted from her invoice total. Finally, Ms. Jackson, who spent an hour writing five letters at the rate of $150.00, should have her invoice total reduced by $75.00.

The total amount that should be deducted from the Defendants' invoices for their excessive billing is $1,198.00.

**VI. Defendants may not recover attorneys' fees for invoice items that are vague or otherwise unreasonable.**

As indicated in the above Section I, Defendants bear the burden of establishing all elements of the requested fee award, including the reasonableness of individual charges. Defendants must document appropriate hours and show that the hours were "reasonably expended." See Section I. In the present case, Defendants fail to demonstrate the reasonableness of several charges because they are vague, appear to be unrelated to this action, and are unnecessary.

In Mr. Eig's Declaration, he states "In form and substance, save for the actual amounts, both this declaration and the attached Exhibits are identical to declarations and exhibits submitted in support of other motions for fees approved by this Court and the Court of Appeals." *See Declaration of Michael J. Eig, para. 2.* Nevertheless, Ms. Rosenstock's invoice includes an entry on September 28, 2007 for "final edits to fee

10

Motion **and Declaration**." [emphasis added.]   Since, according to Mr. Eig, the Declaration is identical to others that have been submitted to the Court, no "final edits" were necessary.  Therefore, a portion of the time allotted to this task must be deleted. Plaintiff does not object to a reduction by half, or $122.50.

Several other items in the invoices bear a closer scrutiny.  Ms. Gorzynski's invoice includes an entry dated January 9, 2007, "letter to Dr. Denise White-Jennings Re: Report."  It is unclear who Dr. White-Jennings is, and how she is related to this case. Plaintiff notes that the entry occurred during the time Ms. Gorzynski was preparing for a due process hearing that never occurred.  If the entry is related to that due process hearing, the entry should be deleted and $60.00 must be deducted from the invoice total.

Mr. Eig's invoice includes an entry dated July 19, 2007, "call with clients and follow up."  This is the only entry on Mr. Eig's invoice that is not fact specific.  For example, compare to the August 7, 2007 entry, "call with client re status," or the July 21, 2006 entry, "calls re scheduling of hearing and witnesses."  Mr. Eig's July 19, 2007 entry is vague and should be deleted from the invoice, resulting in a reduction of $212.50.

Finally, Ms. Rosenstock's invoice includes an entry dated August 16, 2007, "Drafted letter to Matthew Treischman."  There is no explanation of whom Mr. Treischman is, how he relates to this action, and the purpose of the letter.  This entry is vague and must be deleted from the invoice, resulting in a reduction of $196.00.

The total reduction for these vague and unnecessary entries is $591.00.

### VII. <u>Summary of Reduction of Defendants' Fee Request</u>

The Court should reduce the overall fee request as follows:

| | | |
|---|---|---|
| 1) | Unsuccessful claims | $7,531.50 |
| 2) | IEP-related activities | 3,775.00 |

11

|   |   |
|---|---|
| 3) Items remote in time | 10,935.50 |
| 4) Clerical items excessively billed | 1,198.00 |
| 5) Vague and unreasonable items | 591.00 |
|   | $24,031.00 |

Defendants seek a total of $63,692.50 in attorneys' fees. This amount should be reduced by $24,031.00 for a new total of $39,661.50. The total amount awarded to Defendants should be $41,769.03 ($39,661.50 in attorneys' fees plus $2,107.53 in expenses.)

## CONCLUSION

Plaintiff is keenly aware that IDEIA fees litigation may not be among the subject matters preferred by the Court. In some instances, Judges have criticized Plaintiff's objections to fees as "nit-picking" (often, Plaintiff believes, unfairly). But IDEIA attorneys' fee claims represent a demand of tens of millions of dollars annually on District funds. And where the public fisc is involved, Plaintiff has a responsibility to challenge what it believes to be unreasonable charges.

Plaintiff is well aware of the Circuit Court's long-standing admonition that fees matters should not become "exhaustive trial-type proceedings," Nat'l Assoc. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1324 (D.C. Cir. 1982), and that Plaintiff should not engage in "nit-picking" in its objections to fee requests, id. at 1337 (Tamm, J. concurring). That is not the case here. Plaintiff has demanded nothing of Defendants other than that they meet their evidentiary burdens—burdens relating to the reasonableness of individual charges also described in the Nat'l Assoc. of Concerned Veterans case.

Moreover, this is not a case—as Defendants will not doubt assert—of immaterial "nit-picking." Disputing a demand of $10,935.50 for items remote in time and unrelated

to the administrative hearing or Federal Court proceeding is not nit-picking. Challenging a demand of $7,531.50 for unsuccessful claims is not nit-picking.

    For the reasons set forth above, Plaintiff submits that Defendants have failed to justify the amount of the award sought. Accordingly, Defendants are only entitled to an award of $41,769.03.

                                    Respectfully submitted,

                                    LINDA SINGER
                                  Attorney General for the
                                    District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General
                                  Civil Litigation Division

                                  /s/ *Edward P. Taptich*_____
                                  EDWARD P. TAPTICH (012914)
                                  Section Chief
                                  Equity Section Two

                                  /s/ *Veronica A. Porter*_____
                                  VERONICA A. PORTER (412273)
                                  Assistant Attorney General
                                  Civil Litigation Division
                                  Equity Section Two
                                  441 Fourth Street, N.W., Sixth Floor South
                                  Washington, D.C. 20001
                                  (202) 724-6651 (phone)
                                  (202) 727-3625 (facsimile)
                                  veronica2.porter@dc.gov

**November 16, 2007**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE DISTRICT OF COLUMBIA**       : | |
| :  | |
| Plaintiff,       : | |
| : | |
| v.       : | Civil Action No. 06-2105 (PLF) |
| : | |
| **LARRY ABRAMSON and**       : | |
| **CAROLINE NEWMAN**       : | |
| : | |
| Parents and next friend of S.A.,       : | |
| : | |
| Defendants.       : | |
| _____       : | |

**ORDER**

Upon consideration of Defendants' Motion for Attorneys' Fees and Costs, and Plaintiff's Opposition thereto, it is this _____ day of _____, 2007

**ORDERED** that Defendants' Motion for Attorney's Fees and Costs is DENIED; it is

**FURTHER ORDERED**, that Defendants are awarded $41,769.03 in attorneys' fees and expenses; it is

**FURTHER ORDERED**, that Plaintiffs must may payment within 90 days from the date of this Order.

_____

UNITED STATES DISTRICT JUDGE